IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3118 |
| vs. | |
| DOMONIC L. HARRIS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report (RPSR) in this case. The defendant has filed a motion for variance (filing 31). The defendant has also filed an objection (filing 41) to the revised presentence investigation report.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b)     resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the RSPR, arguing that three enhancements—the sophisticated means, the abuse of private or public trust, and the possession of five or more means of identification—should not be applied to his case. Filing 41 at 1.

    First, the defendant objects to the two-level enhancement for "sophisticated means" under U.S.S.G. § 2B1.1(b)(10)(C). Filing 41. The facts set forth in the RPSR, briefly summarized, are that the defendant was a United States Postal Service employee who submitted change of address requests to the Postal Service,

without authorization, on behalf of at least thirteen individuals. RPSR at 6, 12. Once the addresses were changed, the defendant would request that credit cards be sent to these "new" addresses from which the defendant would retrieve the credit cards (which were in the victims' names), and then use those credit cards. RPSR at 12.

The RPSR suggests that the defendant's conduct was sophisticated and thus, the "sophisticated means" enhancement applies. In determining whether the defendant's conduct was sophisticated, the Court will consider whether the underlying offense involved "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." *United States v. Bolt*, 782 F.3d 388, 391 (8th Cir. 2015) (citing § 2B1.1 cmt. n. 9(B)); *United States v. Bistrup*, 449 F.3d 873, 882 (8th Cir. 2006); *United States v. Anderson*, 349 F.3d 568, 570 (8th Cir. 2004). Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme. *United States v. Norwood*, 774 F.3d 476, 479 (8th Cir. 2014); *see United States v. Kieffer*, 621 F.3d 825, 835 (8th Cir. 2010); *United States v. Jenkins*, 578 F.3d 745, 751 (8th Cir. 2009); *Bistrup*, 449 F.3d at 882. Whether a scheme is sophisticated must be viewed in light of the fraudulent conduct and differentiated, by assessing the intricacy or planning of the conduct, from similar offenses conducted by different defendants. *United States v. Hance*, 501 F.3d 900, 909 (8th Cir. 2007). To that end, "sophisticated means" need not be *highly* sophisticated, and the enhancement may be proper when the offense conduct, viewed as a whole, was notably

more intricate than that of the garden variety offense. *Norwood,* 774 F.3d at 480; *Hance,* 501 F.3d at 909.

Here, the underlying offense conduct, at least as described by the RPSR, is more intricate than that of the garden variety offense. *Compare Norwood,* 774 F.3d at 480 (determining that the sophisticated-means enhancement was appropriately applied when the defendant's involvement in the scheme included recruiting others so as to avoid detection, using the government-issued identification cards of those recruits to create fraudulent checks), *and United States v. Finck,* 407 F.3d 908, 913 (8th Cir. 2005) (finding the sophisticated-means enhancement was appropriately applied where the defendant's scheme involved repeatedly calling or faxing a company showing that money to purchase vehicles had been wired into the companies bank account when no such funds were ever wired); *with Hance,* 501 F.3d at 909 (finding that renting a post office box in one's own neighborhood under an assumed name for the purpose of mailing fake letters and testimonials lacks the level of intricacy, deliberation, or complexity to distinguish the defendant's crime from a garden-variety mail fraud offense). As such, the Court's tentative finding is that the conduct attributed to the defendant by the RPSR would allow for application of the "sophisticated means" enhancement. But whether the government has *proven* that conduct by a preponderance of the evidence is a matter the Court can only resolve at sentencing. *See United States v. Mitchell,* 825 F.3d 422, 425 (8th Cir. 2016); *United States v. Mustafa,* 695 F.3d 860, 862 (8th Cir. 2012); *United States v.*

*Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012); *United States v. Myers*, 481 F.3d 1107, 1109-10 (8th Cir. 2007).

Second, the defendant objects to the RPSR's two-level increase in the offense level for "abus[ing] a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. In order for the abuse of trust enhancement to apply, the government must prove two elements by a preponderance of the evidence: (1) the defendant occupied a position of public trust, and (2) the defendant used this position in a manner that significantly facilitated the commission or concealment of the offense. *United States v. Miell*, 661 F.3d 995, 99.

The guidelines do not define a "position of trust," but the commentary to § 3B1.3 is instructive. In particular, § 3B1.3 cmt. n.2(A), states that the two-level enhancement applies to "[a]n Employee of the United States Postal Service who engages in theft or destruction of undelivered United States mail." And the enhancement also applies to "[a] defendant who exceeds or abuses the authority of his or her position in order to obtain, transfer, or issue unlawfully, or use without authority, any means of identification." § 3B1.3 cmt. n.2(B). Accordingly, the Court finds that the defendant, as a postal worker, may occupy a position of private trust. *United States v. Hayes*, 574 F.3d 460, 478 (8th Cir. 2009). The Court remains mindful, however, of the fact that when the defendant objects, it is the government's burden to prove the applicability of an enhancement by a

preponderance of the evidence. *See Mitchell,* 825 F.3d at 425; *Mustafa,* 695 F.3d at 862; *Twiggs,* 678 F.3d 671, 674 (8th Cir. 2012)*; Myers,* 481 F.3d at 1109-10. So, the Court's *tentative* finding is that the facts, as stated in the RPSR, would support imposing a two-level enhancement under § 3B1.3. But the Court will not finally determine the defendant's objection until sentencing, and the consideration of new or additional evidence or argument, if any.

Finally, the defendant objects to the two-level enhancement for possession of five or more means of identification under U.S.S.G. § 2B1.1(b)(11)(C)(ii). Under § 2B1.1 cmt. n.1, "means of identification" is defined as having "the meaning given that term in 18 U.S.C. § 1028(d)(7), except that such means of identification shall be of an actual (*i.e.,* not fictitious) individual, other than the defendant or a person for whose conduct the defendant is accountable." To that end, § 1028(d)(7) provides that "the term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." *See also United States v. Weaver*, 866 F.3d 882, 884 (8th Cir. 2017). More specifically, a "means of identification" includes "any . . . access device (as defined in section 1029(e))." 18 U.S.C. § 1028(d)(7)(D). And a credit card is an "access device," because it is a "card . . . that can be used . . . to obtain money, goods, services, or any other thing of value." 18 U.S.C. § 1029(e)(1).

According to the RPSR, the defendant was in possession of at least fourteen credit cards in names other than his, at least one victim's passport, and either 45 or 145 pieces of stolen mail.[1] Based on those factual representations, the RPSR would support imposing a two-level enhancement under § 2B1.1. *See United States v. Lyons*, 556 F.3d 703, 708 (8th Cir. 2009); *United States v. Oates*, 427 F.3d 1086, 1089 (8th Cir. 2005) (finding that a credit card account number is a "means of identification" under § 2B1.1). However, whether the government has proven by a preponderance of the evidence that the defendant was in possession of five or more means of identification is a matter the Court will resolve at sentencing. *See Mitchell,* 825 F.3d at 425; *Mustafa,* 695 F.3d at 862; *Twiggs,* 678 F.3d at 674; *Myers,* 481 F.3d at 1109-10.

The defendant has also filed a motion for variance (filing 31) asking the Court to vary from the Guidelines range based on his personal circumstances. *See* filing 31 at 3. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

---

[1] The Court notes that in ¶ 45, the RPSR says that the defendant had 45 pieces of stolen mail, but in ¶¶ 30 and 59, the RPSR says the defendant had 145 pieces of stolen mail.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of May, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge